UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DISTRICT

CHERYL BARRER and WALTER
BARRER, on Behalf of Themselves
and Those Similarly Situated,

    Plaintiffs,                                    Civil No. 06-415-HA

    v.                                          OPINION AND ORDER

CHASE BANK, USA, N.A. and DOES
1 THROUGH AND INCLUDING 100,

    Defendants.

HAGGERTY, District Judge:

    This action was reversed and remanded by the Ninth Circuit for the United States Court of Appeals after this court adopted a Findings and Recommendation that concluded that defendants' first Motion to Dismiss should be granted. The Ninth Circuit ruled that plaintiffs successfully stated a claim because defendant Chase Bank USA (Chase) could not show, as a matter of law, that its credit

1        - OPINION AND ORDER

agreement with plaintiffs adequately disclosed the possible interest rates Chase might charge plaintiffs with sufficient clarity.

The parties conferred subsequently, and agreed that plaintiffs would file a Second Amended Complaint (SAC) in an attempt to conform with the Ninth Circuit's ruling. Plaintiffs filed their SAC, and defendants have advanced two motions challenging it: a Motion to Dismiss [71], and a Motion to Strike Portions of the SAC [73].

Plaintiffs concede that the Motion to Strike is well-taken. Accordingly, that motion is granted, and Paragraph 46 of the SAC is stricken.

Remaining before the court is defendants' Motion to Dismiss. The requests for oral argument are denied. For the following reasons, the motion is granted in part and denied in part.

**BACKGROUND**

Plaintiffs Walter and Cheryl Barrer held a credit card account with defendant Chase. Pursuant to this account, plaintiffs accepted a Cardmember Agreement (Agreement or CMA) that governed the relationship between plaintiffs and Chase. Plaintiffs allege that Chase "employs a practice, sometimes referred to as 'Adverse Action Repricing' (AAR)," through which Chase may elect to unilaterally raise the Annual Percentage Rates of Interest (APRs) that Chase charges its cardmembers, for reasons that are based upon factors that are not disclosed to consumers in Chase's CMAs. SAC at Para. 5.

Plaintiffs assert that Chase's failure to clearly and conspicuously disclose the possible APRs that it may charge as a result of its AAR practice in its Agreements with cardmembers violates the Truth in Lending Act (TILA), 15 U.S.C. § 1601 *et seq*. SAC at Para. 5. Plaintiffs also assert that Chase's failures regarding clear and conspicuous disclosures also is a breach of a contractual relationship with Chase's cardmembers, including a breach of the implied covenant of good faith and

fair dealing. SAC at Para. 6. As a result of Chase's conduct, "unwary consumers have been charged and paid finance charges in excess of the rates disclosed and promised" by Chase in its CMAs, and these consumers have suffered damages. *Id*.

Plaintiffs allege that Chase "generally offers credit to customers on either a Preferred (more favorable) rate, or a Non-Preferred (less favorable) rate, which respectively appear in a pricing schedule in the 'Finance Charges' section of its CMAs." SAC at Para. 19. The "Preferred rate" is either fixed, or is a variable rate that is calculated from an objective, mathematical formula. *Id*. at Para. 20.

Chase's CMAs advise cardmembers that its customers could lose the Preferred rate under certain specific circumstances:

- if the consumer failed to make at least the required minimum payments when due on the Chase account and on all other loans or accounts with Chase;
- if the consumer exceeded the credit limit on the Chase account; or
- if any payment on the Chase account was returned unpaid.

*Id*. at Para. 22.

Plaintiffs assert that the CMAs fail to "clearly and conspicuously disclose that Chase could change a cardmember's Preferred APR in any other way" and fail to "disclose the existence or terms of its AAR." *Id*. at Para. 23. Plaintiffs acknowledge that Chase reserved a right to change its CMAs at any time by adding, deleting, or modifying any provision, including financial terms, but plaintiffs contend that this reservation was provided in a separate section and was not clearly and conspicuously disclosed. *Id*. at Para. 23-24.

3        - OPINION AND ORDER

Plaintiffs allege that Walter Barrer's credit account with Chase initially enjoyed the benefits of Chase's Preferred rate (charging interest at 8.99 percent) until April 20, 2005, when the account was charged over 24 percent. Chase responded to plaintiffs' inquiries by explaining that the rate increase was based upon unfavorable findings from a credit report concerning plaintiffs. *Id*. at Para. 29-33. Plaintiffs were charged, and paid, interest at the higher rate in April, May, and June 2005. They assert that the rate increase occurred as a result of Chase's AAR policy, which was never clearly and conspicuously disclosed to them. *Id*. at Para. 34-26.

Plaintiffs advance a claim for a violation of the TILA (First Cause of Action), and a claim for Breach of Contract, including breach of the implied covenant of good faith and fair dealing (Second Cause of Action). Other factual allegations will be addressed where necessary in the analysis of defendants' motion to dismiss.

**STANDARDS**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must allege sufficient facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. _, 129 S. Ct. 1937, 1949 (2009). When considering a motion to dismiss, the court must determine whether the plaintiffs have made factual allegations that are "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

The reviewing court accepts all facts alleged in the complaint as true. *Intri-Plex Tech., Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1050 n.2 (9th Cir. 2007). All doubts arising in the factual

allegations are resolved in favor of the nonmoving party. *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986); *Experimental Eng'g, Inc. v. United Tech. Corp.*, 614 F.2d 1244, 1245 (9th Cir. 1980).

**ANALYSIS**

The analysis of this action, and specifically the grounds for seeking its dismissal as advanced by defendants, is benefitted by reviewing the guidance provided by the Ninth Circuit's prior ruling in the matter. After examining the facts presented in a light favorable to plaintiffs, the Ninth Circuit determined that plaintiffs had received notice in February 2005 that defendant Chase would be raising the interest rate charged on plaintiffs' account to over 24 percent "based in whole or in part on the information obtained in a report from [a] consumer reporting agency." *Barrer v. Chase Bank USA, N.A.*, 566 F.3d 883, 886 (9th Cir. 2009) (internal quotations omitted). The Ninth Circuit noted that plaintiffs were compelled to pay charges based on the higher interest rate for three months before they were able to pay off their debt and close the account. *Id*.

The Ninth Circuit focused upon plaintiffs' assertion that Chase improperly failed to disclose additional, specific grounds that Chase relies upon for increasing the interest rate it charges its customers. These grounds consist of an alleged pre-existing re-pricing program used by Chase, an allegation that the Ninth Circuit accepted as true in evaluating Chase's motion to dismiss. *Id*. at 889 n. 7.

The Ninth Circuit determined that the disclosure of these specific grounds for altering the interest rate Chase charges was not required under applicable federal laws, because credit card companies "must be able to adjust the price of credit according to how risky it is to lend to a given card-holder." *Id*. at 889.

5        - OPINION AND ORDER

However, the Ninth Circuit recognized that creditors are also required to disclose any interest rate that may be used to compute the finance charge, and that the disclosure must be clear and conspicuous. *Id*. at 888 (citing 12 C.F.R. §§ 226.6(a)(2) & 226.5(a)(1)). The Ninth Circuit concluded that Chase "adequately disclosed the APRs that the Agreement permitted it to use simply by means of the change-in-terms provision," which advised customers that Chase could "change this agreement at any time, . . . by adding, deleting, or modifying any provision. [The] right to add, delete, or modify provisions includes financial terms, such as APRs and fees." *Id*. at 891, 886. Although the Ninth Circuit construed this "disclosure" as adequate,[1] it concluded that the change-in-terms provision, which "appears on page 10-11 of the Agreement, five dense pages after the disclosure of the APR," was insufficiently clear and conspicuous for Chase to win dismissal as a matter of law. *Id*. at 892. Accordingly, the decision to grant Chase's motion to dismiss was reversed and this matter was remanded for further proceedings. *Id*.

Plaintiffs subsequently filed their SAC, attempting to conform to the reasoning provided by the Ninth Circuit. Plaintiffs allege that Chase violated "TILA 15 U.S.C. § 1637(a)" and "12 C.F.R. §§ 226.5(a), (c) & 226.6(a)" by failing to "clearly and conspicuously disclose that it could charge Plaintiffs and the Class APRs other than those APRs that were specifically disclosed in the 'Finance Charges' or 'Default' sections of the CMAs." SAC at Para. 51.

---

[1] Judge Graber provided a compelling partial concurrence in which she reasoned: "Although the majority rests its conclusion about the substantive adequacy of the disclosure solely on the change-in-terms provision, I am uncertain that even a combination of the change-in-terms provision and the credit history monitoring term would suffice to meet [the requisite] standards. Even if those two terms had appeared together, in large bold print, it is not clear to me that the combination would have informed the Barrers adequately that Chase could change their APR on the basis of particular types of adverse information in their credit history reports." *Barrer*, 566 F.3d at 893 (internal citation omitted).

6    - OPINION AND ORDER

Plaintiffs also allege that Chase's failures regarding the requirement for clear and conspicuous disclosures also is a breach of the implied covenant of good faith and fair dealing. SAC at Paras. 6, 53-56.

Defendants respond by moving to dismiss plaintiffs' claim for TILA violations, and plaintiffs' claim for breach of the implied covenant of good faith and fair dealing. Defendants' arguments against each claim are addressed in turn.

### 1.   Claim for TILA violations

Defendants attack plaintiffs' TILA claim on grounds that plaintiffs cannot recover statutory damages under the TILA claim pled in the SAC, and fail to show the detrimental reliance necessary for recovering actual damages. Defendants contend that if neither statutory nor actual damages can be recovered, then the claim itself should be dismissed. *See In re Ferrell*, 539 F.3d 1186, 1190-92 (9th Cir. 2008) (holding that relief is unavailable for TILA violations if a right to either statutory or actual damages stemming from violation cannot be established).

#### A.   Statutory damages

Defendants construe plaintiffs' TILA claim as arising exclusively under 15 U.S.C. § 1632(a) (which does not allow the recovery of statutory damages), instead of under 15 U.S.C. § 1637(a), as pled by plaintiffs in their SAC. As provided by 15 U.S.C. § 1640, statutory damages are available under § 1637(a).

The parties do not dispute that statutory damages are unavailable for violations of 15 U.S.C. § 1632(a). *See In re Ferrell*, 539 F.3d at 1190. Nor does Chase dispute that plaintiffs provide explicit citations to § 1637 in their SAC as a basis for plaintiffs' TILA claim. However, Chase shrugs off "the legal citations that Plaintiffs conclusorily affix to their factual allegations" as "irrelevant to the Rule

7        - OPINION AND ORDER

12(b)(6) determination of whether the complaint states a claim upon which relief may be granted." Reply at 3.

At this stage of the litigation, however, this court cannot be so cavalier about plaintiffs' pleadings. Plaintiffs plainly rely upon § 1637 in advancing its TILA claim regarding the alleged inadequacy of Chase's disclosures. This claim references the accuracy of Chase's disclosures, SAC at Paras. 22, 23, 35, 37, and 50, and although plaintiffs' allegations include Chase's purported failures to clearly and conspicuously disclose certain terms, plaintiffs do not cite to § 1632 and do not rely upon that statute.

For purposes of determining whether dismissal as a matter of law is warranted, this court remains mindful that "absolute compliance by creditors" is required. *Hauk v. JP Morgan Chase Bank USA*, 552 F.3d 1114, 1118 (9th Cir. 2009). "Even technical or minor violations of the TILA impose liability on the creditor." *Jackson v. Grant*, 890 F.2d 118, 120 (9th Cir. 1989). And, as the Ninth Circuit has recognized recently, "an APR disclosure that is not 'clear and conspicuous' is *ipso facto* 'misleading.'" *Rubio v. Capital One Bank*, 613 F.3d 1195, 1200 (9th Cir. 2010).

In their efforts to conform their SAC with the Ninth Circuit's prior ruling, plaintiffs make allegations (that must be taken as true at this stage) regarding the misleading nature of Chase's disclosures, including but not limited to the allegation that the disclosures were not clear or conspicuous. These allegations include assertions that: Chase failed to disclose the bases it uses to deprive customers of eligibility for preferred rates; failed to explain the scope of its reliance upon reviews of consumer credit reports; Chase's disclosures were misleading as to how it uses credit report information; Chase failed to disclose its pricing program; and Chase has raised interest rates on many consumers for reasons never articulated by Chase.

The statute relied on by plaintiffs, 15 U.S.C. § 1637(a), requires creditors to disclose to the person to whom credit is to be extended the "conditions under which a finance charge may be imposed" before opening any account. Taking the allegations in plaintiffs' Complaint as true, plaintiffs have alleged that the disclosures they received were misleading and inadequate (as well as not clearly and conspicuously disclosed).

The "limited office [of TILA] is to protect consumers from being misled about the cost of credit." *Gibson v. Bob Watson Chevrolet-Geo, Inc.*, 112 F.3d 283, 285 (7th Cir. 1997). Plaintiffs have adequately pled that the disclosures they received were misleading, and their Complaint establishes a plausible entitlement to statutory damages. *See Villasenor v. Am. Signature, Inc.*, No. 06-C-5493, 2007 WL 2025739, at *2 -4  (N.D. Ill. 2007) (rejecting a bank's assertion that a consumer's claim regarding misleading disclosures should be construed as precluding statutory damages). To the extent that defendants' motion requests this court to, at this stage, read into the Ninth Circuit's prior decision an express limitation on the scope of plaintiffs' claim regarding TILA violations and possible entitlement to statutory damages, that request is rejected.

B.   **Actual damages**

Defendants also assert that plaintiffs failed to establish an entitlement to actual damages because, according to defendants, plaintiffs do not allege that they detrimentally relied upon Chase's inadequate disclosures. Defendants also assert that Chase merely proposed an interest rate increase to plaintiffs, and that an opportunity to opt out of the credit account accompanied the rate increase proposal. Plaintiffs declined to exercise that option and, as a consequence, paid a higher interest rate. Mem. Supp. at 9-10.

To state a claim for actual damages under TILA, a plaintiff must demonstrate detrimental reliance upon an inaccurate or incomplete disclosure. *Gold Country Lenders v. Smith*, 289 F.3d 1155 (9th Cir. 2002); *see also Turner v. Beneficial Corp.*, 242 F.3d 1023, 1028 (11th Cir. 2001) (holding that plaintiffs must demonstrate detrimental reliance in order to be entitled to actual damages under TILA, by showing that they suffered a loss because they relied on an inaccurate or incomplete disclosure).

Plaintiffs respond that they have alleged that they suffered actual damages as a result of Chase's TILA violations, because they relied on Chase's initial inadequate disclosures in deciding to accept credit and accrue a balance at a low rate, and then were inadequately informed that Chase could, and subsequently did, almost triple the cost of its credit. Plaintiffs' allegations can be fairly construed as asserting that as a result of Chase's conduct, they were damaged when they were charged and paid finance charges in excess of the rates disclosed and promised in Chase's CMAs. Plaintiffs contend that the extent to which Chase believes that plaintiffs might have mitigated these damages by exercising options is irrelevant to the determination of whether a claim for actual damages exists.

The Ninth Circuit recently addressed whether a plaintiff who had responded to a credit card solicitation from Capital One Bank, and then suffered a steep increase in the interest rate charged for this credit, had stated adequate claims to avoid dismissal under TILA and under the California Unfair Competition Law (UCL). *Rubio*, 613 F.3d at 1197-98.

After determining that the plaintiff's TILA claim survived dismissal because "Capital One has failed to show as a matter of law that it made its APR disclosure in a reasonably understandable form and readily noticeable to the consumer," the Ninth Circuit turned to whether the plaintiff's UCL claim

adequately alleged an "injury in fact" that asserted that the plaintiff lost money or property as a result of unfair competition. *Id*. at 1203 (internal quotation and citations omitted).

The Ninth Circuit concluded that the plaintiff alleged an adequate injury in fact. The court construed Capital One's "option" to the plaintiff of either closing the account and paying off the outstanding balance, or maintaining the account and paying the higher interest rate, as a "Hobson's choice" under which the plaintiff would suffer real injury regardless of her decision. *Id*. at 1204 (citations omitted).

For purposes of evaluating defendants' motion to dismiss, and after construing plaintiffs' allegations as true, this court recognizes the obvious similarities between the "injury in fact" required under the UCL and the term "actual damages" contemplated by the TILA. Viewing the allegations favorably to plaintiffs, they – like the credit consumer in *Rubio* – were enticed to create a credit relationship with defendants because of an appealing low cost for that credit. They developed a substantial debt balance in that relationship, for which they initially paid a relatively low cost. Defendants then presented plaintiffs with the "choice" of either ending that credit relationship, or continuing the relationship but paying a significantly higher cost for the credit.

Like the plaintiff in *Rubio*, plaintiffs have alleged that they relied upon the disclosures and conduct of defendants, and after April 2005, incurred damages as a result of that reliance (regardless of which option they exercised). Accordingly, defendants' argument that plaintiffs have failed to establish a claim for actual damages is rejected.

The court acknowledges therefore, that even if plaintiffs' SAC were interpreted as failing to establish an entitlement to statutory damages, defendants' motion to dismiss the TILA is unwarranted. Plaintiffs have stated an adequate basis for recovering actual damages.

## 2. Claim for breach

Defendants also move to dismiss the portion of plaintiffs' second claim that remains after plaintiffs' concession that they have not stated a claim for breach of an express term of the CMA. Response at 1 n.1.[2] Plaintiffs instead invoke the implied covenant of good faith and fair dealing in their second claim.

Under applicable Delaware law, the implied covenant of good faith and fair dealing is construed as attaching "to every contract." *Dunlap v. State Farm Fire and Casualty Co.*, 878 A.2d 434, 442 (Del. 2005). This implied covenant prohibits a party in a contractual relationship "from arbitrary or unreasonable conduct which has the effect of preventing the other party to the contract from receiving the fruits of the bargain." *Id*. (internal quotation and citation omitted). Parties may be liable for breaching the covenant "when their conduct frustrates the overarching purpose of the contract by taking advantage of their position to control implementation of the agreement's terms." *Id*. (internal quotation and citation omitted).

Another district court within the Ninth Circuit recently considered whether assertions that Chase had unilaterally increased the required minimum monthly payments required of consumers paying on fixed rate credit loans, with the intent of triggering penalties or eliminating the accounts, thereby violating the "spirit of the agreements between Chase" and its customers, was adequate to state a claim of breaching the implied covenant of good faith and fair dealing. *In re Chase Bank USA, NA. "Check Loan" Contract Litig.*, MDL No. 2032, No. M:09-CV-2032 MMC, 2009 WL 4063349, at *7-8 (N.D. Cal. Nov. 20, 2009) ("*Check Loan*").

---

[2] Defendants' request to dismiss the Second Cause of Action in the SAC to the extent that it purports to plead a cause of action for "Breach of Contract" is, therefore, granted.

That court examined Delaware law, and rejected Chase's arguments that its contractual right to modify the terms of its agreements with consumers trumped the plaintiffs' attempt to invoke the implied covenant in the face of those express contractual rights. *Id*. at *7. The court concluded that the plaintiffs' claim "is not subject to dismissal at the pleading stage" because the pleadings adequately alleged that Chase may have taken advantage of its position to control implementation of the agreement's terms. *Id*. (citing *Dunlap*, 878 A.2d at 442). The court also rejected Chase's fact-based defenses, which "cannot be resolved in the context of a motion to dismiss." *Id*.

Viewing plaintiffs' SAC liberally, as this court must at this stage, the allegations are adequate to state a claim for a breach of the implied covenant of good faith and fair dealing. As the court determined in *Check Loan*, allegations that Chase acted in bad faith when it exercised its otherwise legitimate contractual right to modify consumer agreement terms (which the SAC can easily and fairly construed as presenting) are sufficient for such a claim. Defendants' grounds for rejecting this claim are fact-based and present unpersuasive bases for supporting dismissal at this point.

**CONCLUSION**

Defendants' Motion to Dismiss plaintiffs' Second Amended Complaint [71] is granted in part and denied in part. Plaintiffs' claim for "Breach of Contract" is dismissed, pursuant to plaintiffs' related concessions. The motion to dismiss is denied in all other respects. Defendants' Motion to Strike Portions of Plaintiffs' Second Amended Complaint [73] is granted.

IT IS SO ORDERED.

Dated this  4  day of January, 2011.

          /s/ Ancer L. Haggerty
          Ancer L. Haggerty
          United States District Judge