FILED19 MAY '11 11:00USDC-ORP

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### PORTLAND DISTRICT

CHERYL BARRER and WALTER
BARRER, on Behalf of Themselves
and Those Similarly Situated,

       Plaintiffs,

       v.

CHASE BANK, USA, N.A. and DOES
1 THROUGH AND INCLUDING 100,

       Defendants.

Civil No. 06-415-HA

OPINION AND ORDER

HAGGERTY, District Judge:

On January 4, 2011, this court granted defendants' Motion to Dismiss plaintiffs' Second

Amended Complaint in part, dismissing plaintiffs' claim for "Breach of Contract" but denying the

motion to dismiss in all other respects. Defendants move for reconsideration, asserting that the

court's ruling constitutes plain error in light of the prior remand of this action by the Ninth

Circuit for the United States Court of Appeals. *See Barrer v. Chase Bank USA, N.A.*, 566 F.3d

883 (9th Cir. 2009). This motion to reconsider is denied.

1      - OPINION AND ORDER

## BACKGROUND

This action was filed in March, 2006. In April 2007, this court issued a Judgment after adopting a Findings and Recommendation from Magistrate Judge Hubel that recommended granting defendants' motion to dismiss. The case was reassigned subsequently to this court. On August 17, 2009, the Ninth Circuit reversed and remanded the action.

In ruling upon the validity of plaintiffs' First Amended Complaint, the Ninth Circuit scrutinized the statutes being invoked by plaintiffs. Plaintiffs had advanced claims for violations of the Truth in Lending Act (TILA), 15 U.S.C. § 1601 *et seq.* The "limited office [of TILA] is to protect consumers from being misled about the cost of credit." *Gibson v. Bob Watson Chevrolet-Geo, Inc.*, 112 F.3d 283, 285 (7th Cir. 1997).

This statute imposes requirements on creditors in two separate sections: 15 U.S.C. § 1632(a), and 15 U.S.C. § 1637(a), and in two corresponding sections of the Federal Reserve Board's implementing regulation, Regulation Z. *See* 12 C.F.R. §§ 226.5(a) and 226.6(a).

Section 1632(a) requires information that is disseminated by creditors as mandated by TILA or Regulation Z to "be disclosed clearly and conspicuously." The Ninth Circuit summarized § 1632(a) as describing to creditors *how* to disclose information. *Barrer*, 566 F.3d at 888 (emphasis added).

Section 1637(a) concerns the *contents* of disclosures by creditors, requiring creditors to disclose kinds of information, such as where "one or more periodic rates may be used to compute the finance charge, each such rate, the range of balances to which it is applicable, and the corresponding nominal annual percentage rate." 15 U.S.C. § 1637(a)(4). The Ninth Circuit

opined that § 1637(a) informs *what* must be disclosed under TILA and Regulation Z. *Barrer*, 566 F.3d at 888 (emphasis added).

As is significant to this litigation, statutory damages are unavailable for claims brought under § 1632(a), the statute concerning *how* information must be disclosed. However, statutory damages are available under § 1637(a), the statute concerning *what* must be disclosed.

In its decision remanding this action, the United States Court of Appeals for the Ninth Circuit acknowledged that it was persuaded that defendant Chase Bank USA (Chase) had "adequately disclosed" the possible interest rates it could impose upon plaintiffs, but then ruled that plaintiffs had nevertheless advanced a valid claim against Chase under 15 U.S.C. § 1632(a) because the rate provision at issue was "buried too deeply in the fine print for a reasonable cardholder to realize that" Chase could raise the rates it charged for a variety of reasons. *Barrer*, 566 F.3d at 891-92. Therefore, this court's Judgment dismissing the action was reversed because plaintiffs could assert a claim that Chase's credit agreement failed to provide a "clear and conspicuous disclosure of the [interest rates] that Chase was permitted to use." *Id.* at 892.

The Ninth Circuit's remand permitted plaintiffs to file a Second Amended Complaint (SAC) in an attempt to conform with the court's ruling. Pursuant to an agreement among counsel, plaintiffs filed their SAC on March 10, 2010. The SAC includes assertions that defendants violated 15 U.S.C. § 1637(a) as well as § 1632(a).

Defendants moved to dismiss the SAC. In resolving defendants' dismissal motion, this court concluded that – after construing the allegations in plaintiffs' SAC as true – plaintiffs adequately alleged that the disclosures they received were misleading and inadequate (stating a claim under 15 U.S.C. § 1637(a)), as well as not clearly and conspicuously disclosed (stating a

3      - OPINION AND ORDER

claim under 15 U.S.C. § 1632(a)). This means that plaintiffs could be entitled to recover

statutory damages, if they succeed in proving their alleged § 1637(a) claim.

## STANDARDS

"Under the law of the case doctrine, a court is ordinarily precluded from reexamining an

issue previously decided by the same court, or a higher court, in the same case." *Hydrick v.*

*Hunter*, 500 F.3d 978, 986 (9th Cir. 2007) (citations and internal quotation marks omitted). The

intent of this doctrine has been described as maintaining consistency and avoiding

reconsideration of matters once decided during the course of a single, continuing lawsuit. *Ingle*

*v. Circuit City*, 408 F.3d 592, 594 (9th Cir. 2005).

The doctrine applies in cases in which the issue in question was "decided explicitly or by

necessary implication in [the] previous disposition." *Hydrick*, 500 F.3d at 986 (citations and

internal quotation marks omitted). Exceptions to the doctrine apply if "(1) the first decision was

clearly erroneous; (2) an intervening change in the law occurred; (3) the evidence on remand was

substantially different; (4) other changed circumstances exist; or (5) a manifest injustice would

otherwise result." *United States v. Lummi Indian Tribe*, 235 F.3d 443, 452 (9th Cir. 2000); *see*

*also City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (a

district court that has jurisdiction over a case possesses the inherent procedural power to

reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient).

## ANALYSIS

Defendants' motion for reconsideration asserts that plaintiffs' TILA claim should be

construed as arising exclusively under 15 U.S.C. § 1632(a), thereby precluding statutory

damages. Accordingly, defendants seek dismissal of plaintiffs' renewed allegation that the

disclosures they received were misleading and inadequate (stating a claim under 15 U.S.C. § 1637(a)). Defendants' reconsideration motion contends that this court's decision not to dismiss that claim was clearly erroneous in light of the Ninth Circuit's rulings regarding plaintiffs' prior Complaint. This court has evaluated defendants' reconsideration motion and finds no basis for making an exception to the law of the case doctrine.

In my prior ruling, I concluded that plaintiffs' amended pleadings adequately pled that the disclosures they received were misleading, and that their new Complaint establishes a plausible entitlement to statutory damages. *See* Opinion and Order of January 4, 2011 at 9 (citing *Villasenor v. Am. Signature, Inc.*, No. 06-C-5493, 2007 WL 2025739, at *2-4 (N.D. Ill. 2007) (rejecting a bank's assertion that a consumer's claim regarding misleading disclosures should be construed as precluding statutory damages)).

As this court ruled, to the extent that defendants' position is fairly read as a request for this court "to, at this stage, read into the Ninth Circuit's prior decision in this matter some express limitation on the scope of plaintiffs' opportunities to re-plead TILA violations, that request is rejected." *Id.* If – as defendants insist – it is error to reject that request (and that this court is misreading the scope of the Ninth Circuit's ruling), that error is insufficiently clear to trigger an exception to the law of the case doctrine.

Defendants contend that the Ninth Circuit's ruling should be construed as resolving all (past and possible) allegations challenging the sufficiency of Chase's disclosures, or at least that plaintiffs have failed to present new allegations of § 1637(a) violations that are distinguishable from the claims the Ninth Circuit has already addressed. This court finds no grounds that warrant reconsidering (and changing) the existing analysis of this argument. In sum, this court

5        - OPINION AND ORDER

has recognized that plaintiffs "plainly rely upon § 1637" in advancing their TILA claim regarding

the alleged inadequacy of Chase's disclosures, and also that plaintiffs presented multiple factual

assertions in their SAC to support this statutory claim. *See* Opinion and Order of January 4, 2011

at 9 (citing SAC Paras. 22, 23, 35, 37, and 50). Defendants' objections that the revised claim is

supported by allegations that are similar to assertions already considered by the Ninth Circuit,

and that the claim is weak, fail to establish that dismissal of the claim at this stage in the

litigation is warranted. Defendants' Motion to Reconsider is therefore denied.

Alternatively, defendants request that if reconsideration is not granted, then this court

should certify its order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

Section 1292(b) establishes three criteria that must be met before this court can certify an

interlocutory appeal: the court must issue an order stating: "(1) that there is a controlling question

of law; (2) that there is substantial grounds for difference of opinion; and (3) that an immediate

appeal may materially advance the ultimate termination of the litigation." *In re Cement Antitrust*

*Litig. (MDL No. 296)*, 673 F.2d 1020, 1026 (9th Cir. 1982), *aff'd*, 459 U.S. 1190 (1983); 28

U.S.C. § 1292(b).

The party pursuing the interlocutory appeal bears the burden of demonstrating these three

requirements. *Couch v. Telescope, Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). Section 1292(b) is "a

departure from the normal rule that only final judgments are appealable, and therefore must be

construed narrowly." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1068 n.6 (9th Cir. 2002).

Even if all three statutory conditions are met, district courts enjoy "unfettered discretion" to deny

certification. *Brizzee v. Fred Meyer Stores, Inc.*, No. 04-1566-ST, 2008 WL 426510, at *3 (D.

Or. Feb. 13, 2008). Indeed, certifications under § 1292(b) are reserved for "extraordinary cases

where decision of an interlocutory appeal might avoid protracted and expensive litigation," such

as "antitrust and similar protracted cases."  *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th

Cir. 1966).  Section 1292(b) certification is not "intended merely to provide review of difficult

rulings in hard cases."  *Id.*

   Defendants contend that the question of whether, "in light of the Ninth Circuit's decision,

Plaintiffs may pursue a claim under § 1637(a) and § 226.6(a)—is a controlling question of law."

Mem. Supp. at 12.  Additionally, defendants argue that an immediate appeal of this court's ruling

on that question "would materially advance the termination of the litigation because it could cut

off altogether discovery, motion practice, and other litigation related to the question whether

Chase did adequately disclose the APRs it could use."  *Id.* (citing *In re Cement Antitrust Litig.*,

673 F.2d 1020, 1026 (9th Cir. 1982) (§ 1292(b) should apply where allowing the interlocutory

appeal would avoid protracted and expensive litigation)).

   A question of law is controlling under § 1292(b) if resolving the question on appeal could

materially affect the outcome of the litigation in the district court.  *In re Cement Antitrust Litig.*,

673 F.2d at 1026.  A "question of law" means a "pure question of law," not a mixed question of

law and fact or an application of law to a particular set of facts.  *See Ahrenholz v. Bd. of Trs. of*

*the Univ. of Ill.*, 219 F.3d 674, 675-77 (7th Cir. 2000) (the term "question of law" means an

abstract legal issue, not merely an issue of whether summary judgment should be granted).

   The issue presented here, at its heart, concerns primarily the scope of damages to which

plaintiffs may be entitled, and arguably might or might not "materially affect the outcome of the

litigation."

7      - OPINION AND ORDER

Nevertheless, this issue need not be resolved, because defendants have not carried their

burden of establishing substantial grounds for difference of opinion.

> To determine if a "substantial ground for difference of opinion"exists
> under § 1292(b), courts must examine to what extent the controlling law is
> unclear. Courts traditionally will find that a substantial ground for difference of
> opinion exists where "the circuits are in dispute on the question and the court of
> appeals of the circuit has not spoken on the point, if complicated questions arise
> under foreign law, or if novel and difficult questions of first impression are
> presented. However, just because a court is the first to rule on a particular
> question or just because counsel contends that one precedent rather than another is
> controlling does not mean there is such a substantial difference of opinion as will
> support an interlocutory appeal.

*Couch*, 611 F.3d at 633 (internal citations and quotations omitted).

Moreover, showing a substantial ground for difference of opinion requires more than a

party's disagreement with a court's ruling. "Mere disagreement, even if vehement, with a court's

ruling on a motion to dismiss does not establish a 'substantial ground for difference of opinion'

sufficient to satisfy the statutory requirements for an interlocutory appeal." *First Am. Corp. v.*

*Al-Nahyan*, 948 F. Supp. 1107, 1116 (D. D.C. 1996).

It is the duty of the district judge to analyze the strength of the arguments in opposition to

the challenged ruling and then decide "whether the issue for appeal is truly one on which there is

a substantial ground for dispute." *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996) (internal citations

and quotations omitted). That settled law might be applied differently does not establish a

substantial ground for difference of opinion. *Couch*, 611 F.3d at 633. A dearth of cases does not

constitute substantial ground for difference of opinion. *Id*.

In this case, although defendants disagree with vehemence with this court's conclusions

about the viability of plaintiffs' claims at this early stage of the litigation, this court declines to

find that the issue for appeal is one on which there is a substantial ground for dispute.

8        - OPINION AND ORDER

Accordingly, defendants fail to meet their burden of satisfying the three criteria required for

certifying an interlocutory appeal. *Couch*, 611 F.3d at 633.

Moreover, the court also finds that it is unclear whether granting an immediate appeal

could "materially advance the ultimate termination of the litigation." *In re Cement Antitrust*

*Litig.*, 673 F.2d at 1026. Whether resolving the entirety of the scope of plaintiffs' suit, and the

possible damages that plaintiffs may recover, would "materially advance" the suit's termination is

debatable, and – as such – presents further grounds for concluding that defendants fail to meet

their burden of satisfying the three criteria required for certification.

**CONCLUSION**

For the reasons stated, defendants' Motion [85] for Reconsideration or, In The

Alternative, Certification Pursuant to 28 U.S.C. § 1292(b), is denied. This court acknowledges

that plaintiffs' previous objections regarding the Magistrate Judge's conclusion that this matter

should be subject to arbitration have been unresolved. Counsel for all parties shall file briefing

no later than June 17, 2011, addressing whether referring this case to arbitration is appropriate.

Finally, defendants' Unopposed Motion for Entry of a Protective Order [96] is granted as

follows: the proposed Protective Order is adopted as an Order of this court.

IT IS SO ORDERED.

Dated this 18 day of May, 2011.

Ancer L. Haggerty
United States District Judge