JUSTINE FISCHER
OSB: 81224
e-mail: JFAttyOR@aol.com
**Attorney at Law**
720 SW Washington Street, Suite 750
Portland, OR  97205
Telephone:    (503) 222-4326
Facsimile:    (503) 222-6567

Liaison Counsel for Plaintiffs Cheryl Barrer
and Walter Barrer

[Additional Counsel on Signature Page]

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| CHERYL BARRER and WALTER BARRER, on Behalf of Themselves and Those Similarly Situated,<br><br>                    Plaintiffs,<br>v.<br><br>CHASE BANK USA, N.A. and DOES 1 through and including 100,<br><br>                    Defendants. | CASE NO. 06-CV-415-HA<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' NOTICE OF RULING AND SUPPLEMENTAL STATEMENT REGARDING ARBITRATION** |

**PLAINTIFFS' NOTICE OF RULING AND
SUPPLEMENTAL STATEMENT
REGARDING ARBITRATION**

A difficult jurisdictional issue confronts the parties in this case regarding the effect of a prior settlement before the Southern District of New York on the present litigation. In brief, Defendants have responded to this Court's inquiry as to the potential effect of contractual arbitration clauses on the ability of this case to proceed as a class action by asserting a claimed contractual right to arbitration. Plaintiffs Walter and Cheryl Barrer ("Plaintiffs"), by contrast, take the position that the availability of arbitration is foreclosed by the terms of the earlier settlement in New York. To that end, Plaintiffs' counsel sought a preliminary determination by the Honorable William H. Pauley, III, Judge of the United States District Court for the Southern District of New York, as to the effect of the prior settlement. In response, Judge Pauley issued an order tentatively declining to entertain Plaintiffs' letter application to file a motion to enforce settlement in the action entitled *Ross v. Bank of America*, No. 1:05-cv-07116 (WHP) (S.D.N.Y.) ("*Ross*"). A true and correct copy of Judge Pauley's one sentence order is attached hereto as Exhibit A.

As the Court will note, Judge Pauley declined to rule while this same issue is pending before this Court. Exhibit A at 3 ("This Court declines to entertain Plaintiffs' application *at this time*.") (emphasis added). That ruling necessarily left open the possibility that Judge Pauley would rule if this Court so directed: "If appropriate, Plaintiffs may re-apply for relief following a ruling by the Oregon court." Exhibit A at 3.

It appears to Plaintiffs that Judge Pauley, not surprisingly, did not want to "step on this Court's feet." Accordingly, Plaintiffs suggest that this Court has at least two options:

    a) Seek briefing and evidence sufficient to decide whether the *Ross* Settlement Agreement forecloses arbitration in this case; or

    b) Request that Judge Pauley determine this issue.

**PLAINTIFFS' NOTICE OF RULING AND
SUPPLEMENTAL STATEMENT
REGARDING ARBITRATION**      1

Plaintiffs would be happy with either option, but respectfully suggest that the *Ross* Settlement Agreement should properly be interpreted by the Court which approved it (following contested litigation). As the parties contemporaneously briefed this Court on June 17, 2011, the question of whether this case should be referred to arbitration resolves exclusively on the interpretation and enforcement of the Settlement Agreement in the *Ross* Action. In that regard, the Settlement Agreement specifically states that:

> Any dispute concerning the matters contained in this Settlement Agreement, the Preliminary Approval Order [or] the Final Judgment and Order of Dismissal . . . shall, if they cannot be resolved by negotiation and agreement, be submitted to the Court.[1] The Court shall retain personal and subject matter jurisdiction over the implementation and enforcement of this Settlement Agreement [and] the Final Judgment . . . ."

Settlement Agreement ¶ 27(b).

The Settlement Agreement further provides that:

> The commitments made by the parties on their own behalf or on behalf of the Settlement Class in this Settlement Agreement are enforceable by the Court as a matter of contract. . . .
>
> > (1) In the absence of a judicial finding that Chase or any Released Party has violated the Settlement Agreement, the Settlement Agreement will not be enforced against Chase or any Released Party by injunction; and
> >
> > (2) In the event of a finding that Chase or any Released Party has violated the Settlement Agreement, the Settlement Agreement may be enforced against Chase or any Released Party by injunction, including one commanding specific performance of this Settlement Agreement, if warranted and available under applicable law.

Settlement Agreement ¶ 27(c).

Likewise, the Final Judgment states that Judge Pauley retains "exclusive personal and

---

[1] The "Court" is defined as "the United States District Court for the Southern District of New York, the Honorable William H. Pauley III, presiding." Settlement Agreement ¶ 2(l).

subject matter jurisdiction over the implementation and enforcement of the Settlement Agreement[] and this Final Judgment." Final Judgment ¶ 13.

Moreover, the interpretation (and potential enforcement) of the Settlement Agreement may turn on documents, evidence and arguments previously submitted to Judge Pauley. In light of Judge Pauley's prior experience and familiarity with the Settlement Agreement and proceedings leading up to the Settlement Agreement, Plaintiffs therefore respectfully suggest that the most expeditious way to resolve the question of whether arbitration has been waived by operation of the earlier settlement would be for this Court to issue an order referring the parties to Judge Pauley in order to resolve the relevant questions of interpreting the *Ross* Settlement Agreement and its potential effect on this case.[2]

DATED: July 1, 2011
STANLEY • IOLA, LLP
MATTHEW J. ZEVIN (*admitted pro hac vice*)

 /s/ Matthew J. Zevin
MATTHEW J. ZEVIN

e-mail: mzevin@aol.com
525 B Street, Suite 760
San Diego, CA 92101
Telephone: (619) 235-5306
Facsimile: (825) 377-8419

JUSTINE FISCHER
Attorney at Law
JUSTINE FISCHER
OSB: 81224
e-mail: JFAttyOR@aol.com
Attorney at Law
720 SW Washington Street, Suite 750
Portland, OR 97205
Telephone: (503) 222-4326
Facsimile: (503) 222-6567

---

[2] In its brief filed with this Court on June 17, 2011, Chase concedes that it may be more appropriate for Judge Pauley to resolve any disputes concerning the interpretation of the *Ross* Settlement Agreement.

BRAUN LAW GROUP PC
MICHAEL D. BRAUN
e-mail: mdb@braunlawgroup.com
10680 West Pico Boulevard, Suite 280
Los Angeles, CA  90064
Telephone:	(310) 836-6000
Facsimile:	(310) 836-6010

Attorneys for Plaintiffs Cheryl Barrer
and Walter Barrer

# Exhibit A

**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/29/11

STANLEY·IOLA LLP
ATTORNEYS & COUNSELORS

June 17, 2011

<u>VIA FACSIMILE</u>

The Hon. William H. Pauley
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY  10007-1312


RECEIVED
JUN 17 2011
CHAMBERS OF
WILLIAM H. PAULEY
U.S.D.J.

Re:   *Ross, et al. v. Bank of America, N.A. (USA), et al.*,
      No. 1:05-cv-07116 (WHP)

Dear Judge Pauley:

We represent Walter and Cheryl Barrer (the "Barrers"), members of the Settlement Class as defined in the February 23, 2010 Settlement Agreement ("Settlement Agreement") and Final Judgment and Order of Dismissal ("Final Judgment") in the above-referenced case.[1]  The Barrers are also the named plaintiffs in another putative class action against Chase Bank USA, N.A. ("Chase") that is currently pending before the Honorable Ancer L. Haggerty, in the United States District Court for the District of Oregon - *Barrer v. Chase Bank USA, N.A.*, Case No. 06-CV-415 -HA ("*Barrer*").  We write in order to enforce the express terms of the Settlement Agreement and Final Judgment, which Chase is attempting to violate.[2]

By entering into the Settlement Agreement, Chase agreed that it would "not seek to enforce an Arbitration Clause or Class Action Waiver Clause against a member of the Settlement Class based on currently existing or pre-existing United States Cardholder Agreements . . . ." Settlement Agreement at ¶ 3(c).  This Court, likewise, approved the Settlement Agreement and entered Final Judgment based, in part, on Chase's agreed upon "bar on seeking to enforce the Arbitration Clause or Class Action Waiver Clause in any of [its] existing or pre-existing United States Cardholder Agreements . . . ." Final Judgment at ¶ 7.  There is no dispute that the Barrers are members of the Settlement Class who had a "pre-existing United States Cardholder Agreement" as defined in the Settlement Agreement and Final Judgment.

Chase's counsel in the *Barrer* action has recently communicated that Chase intends to violate the Settlement Agreement and Final Judgment by seeking to enforce an Arbitration Clause and Class Action Waiver Clause against the Barrers.  The Barrers seek relief in this Court because it retained "exclusive personal and subject matter jurisdiction over the implementation and enforcement of the Settlement Agreement[] and []Final Judgment . . . ." Final Judgment ¶ 13.[3]

---

[1]  Unless defined otherwise, all capitalized terms herein have the same meaning and definition as in the Settlement Agreement and Final Judgment.

[2]  This letter is submitted via facsimile by express permission of the Court's clerk and consistent with this Court's Individual Practices 3(A)(ii).

[3]  The issue of arbitration recently arose because the district court in *Barrer* requested, *sua sponte*, briefing as to whether the action should be compelled to arbitration. *Barrer v. Chase Bank, USA, N.A.*, No. 06-415-HA, 2011 WL 1979718 at *5 (D. Or., May 18, 2011). The parties conferred, and Chase's counsel confirmed that it intends to seek to compel the *Barrer* action to arbitration. The Barrers will

525 B STREET, SUITE 760
SAN DIEGO, CALIFORNIA  92101
O  619 235 5306     F  815 377 8419

A REGISTERED LIMITED LIABILITY PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

The Hon. William H. Pauley
June 17, 2011
Page 2

Chase's purported justification for breaching its commitment not to seek to compel arbitration in *Barrer* is based solely on paragraph 3(c)(iii) of the Settlement Agreement, which merely provides that Chase may seek to "enforce or uphold" any "court ruling" that it "obtained" prior to the MOS Date based on an Arbitration Clause or Class Action Waiver Clause. Chase's reliance on this provision is completely disingenuous and in error.

*First*, Chase has never "obtained" a "court ruling" on its Arbitration Clause in *Barrer*. Instead, Chase can only point to a Magistrate's January 23, 2007 *alternative Findings and Recommendation* that Chase's Motion to Compel Arbitration be granted. That recommendation was conditional, as the Magistrate first recommended that Chase's Motion to Dismiss be granted and advised that the district court review its Findings and Recommendation concerning arbitration if, *and only if*, it did not first adopt the recommendation to dismiss. Since the district court *did* adopt the Magistrate's recommendation to dismiss, it *never reviewed*, let alone adopted, the alternative recommendation regarding arbitration. *Barrer v. Chase Bank USA, N.A.*, 556 F.3d 883, 886 (9th Cir. 2009).

It is black letter law that Findings and Recommendations issued by a Magistrate "are just that: recommendations. They have *no binding legal effect on the parties until the district court adopts them.*" *Klamath Siskiyou Wildlands Center v. U.S. Bureau of Land Mgnt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (emphasis added) (citing 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Fed. Prac. & Proc.* Civ. 2d § 3070.1 (2009) ("It is fundamental that [a magistrate judge's] recommendations *do not become an order of the court* until the district judge takes some action.")) (emphasis added)). *See also Scheafnocker v. Commissioner of IRS*, ___ F.3d ___, 2011 WL 1467198 at *3 (3rd Cir., April 19, 2011) ("When a magistrate judge has been directed by a district court to conduct hearings and issue a report and recommendation, such findings *do not carry the force of law* until accepted by the district court.") (emphasis added). *See generally*, Fed. R. Civ. P. 72(b) (describing a magistrate's "Findings and Recommendations" as a "*recommended* disposition") (emphasis added). Accordingly, when a party (i.e., the Barrers) objects to a Finding and Recommendation, it "*is not a court order that [either party] can enforce . . . .*" *Klamath*, 589 F.3d at 1032 (emphasis added).

Since Judge Haggerty never reviewed, let alone adopted, the Magistrate's alternative Findings and Recommendation concerning arbitration, it has no legal or binding effect and is not a "court ruling" that Chase can seek to "enforce" or "uphold" as expressly required by paragraph 3(c)(iii) of the Settlement Agreement. This universal and uncontroversial rule of law should, in and of itself, dispose of Chase's argument that the Magistrate's January 23, 2007 Findings and Recommendation is a "court ruling" as contemplated by Section 3(c)(iii) of the Settlement Agreement.

*Second*, Chase *has already admitted* that the Magistrate's alternative Findings and Recommendation concerning arbitration is not a court ruling. Specifically, Chase *argued* to the Ninth Circuit Court of Appeals that the Magistrate's recommendation concerning arbitration was *not* something that the appellate court should review *because "the District Court did not rule on it."* Crucially, the Barrers *agreed* with Chase's argument at oral argument, and the Ninth Circuit, likewise, confirmed that the Magistrate's recommendation concerning arbitration "was not ripe" for appellate review because it was not adopted by the district court. *Barrer*, 556 F.3d at 886, n.2. Having successfully argued this point before the Ninth Circuit, Chase should be judicially estopped from now attempting to assert a

---

provide Judge Haggerty with a copy of this letter and make the same arguments in a separate brief responsive to his Honor's request. The Barrers are communicating with both courts so as not to inadvertently waive any rights as Settlement Class Members in the *Ross* action.

The Hon. William H. Pauley
June 17, 2011
Page 3

wholly contradictory position as a means of avoiding its obligations under the Settlement Agreement. *New Hampshire v. Maine*, 532 U.S. 742, 750, 121 S. Ct. 1808, 149 L. Ed. 2d 968 (2001) (the doctrine of judicial estoppel is appropriately applied when a "party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled.") (internal quotation marks omitted).

*Finally*, Chase should be judicially estopped from arguing that the *Barrer* action falls into the limited exception of paragraph 3(c)(iii) of the Settlement Agreement because its counsel in *Ross* explicitly assured *this* Court that Chase would *not* seek to apply that provision to cases, such as *Barrer*, that are pending in *court*. Specifically, Chase's counsel unequivocally told this Court that, as part of the settlement, "Chase is willing to forego assertion of its class action waiver or arbitration clauses against proposed class actions [such as *Barrer*] filed in *court*." March 11, 2010 Letter from Robert D. Wick [Doc. No. 213] at 2 (emphasis in original). As Mr. Wick clearly explained to this Court, paragraph 3(c)(iii) of the Settlement Agreement – the provision on which Chase now supposedly relies – was *only* intended to preserve Chase's right to attempt to resist "*class arbitration*" in matters that had already been compelled to *arbitration*. *Id.* at 2 (emphasis in original). Since the *Barrer* action remains in *court*, and has *never* been compelled to *arbitration*, it does not fall into the extremely limited category of cases for which Chase's counsel expressly told this Court that paragraph 3(c)(iii) of the Settlement Agreement could conceivably apply. By now taking the exact opposite position, Chase is violating the express terms of the Settlement Agreement and backtracking on its own assurances to this Court. Again, Chase should be judicially stopped from engaging in such disingenuous gamesmanship with the Court, the parties and the Settlement Class. *New Hampshire*, 532 U.S. at 750 (The doctrine of judicial estoppel is designed to prevent parties "from deliberately changing positions according to the exigencies of the moment.") (citation and quotations omitted).

For these reasons, the Barrers respectfully request that this Court order Chase to comply with the express terms of the Settlement Agreement and Final Judgment, which prohibits Chase from taking *any* action that might be construed as an effort to enforce an Arbitration Clause or Class Action Waiver Clause in the *Barrer* action. Alternatively, the Barrers request permission to file before this Court a formal motion (and supporting documentation) to enforce the Settlement Agreement and Final Judgment.

Sincerely,

*[signature]*

MATTHEW J. ZEVIN
STANLEY • IOLA, LLP

*[signature]* / by permission

MICHAEL D. BRAUN
THE BRAUN LAW GROUP

cc:  Honorable Ancer L. Haggerty
     Counsel for Chase in *Barrer*
     Counsel for all parties in *Ross*

> This Court declines to entertain Plaintiffs' application at this time. If appropriate, Plaintiffs may re-apply for relief following a ruling by the Oregon court.
>
> SO ORDERED:
>
> *[signature]*
> WILLIAM H. PAULEY III U.S.D.J.
> 6/28/11

# PROOF OF SERVICE
*Cheryl Barrer, et al. vs. Chase Bank USA, NA, et al.*
CASE NO.: 06-CV-415-HA

I, the undersigned, declare under penalty of perjury that I am over the age of eighteen years and not a party to this action. I am employed in the County of San Diego, State of California. My business address is: 525 B Street, Suite 760, San Diego, CA 92101.

That on July 6, 2011, I served the following document(s) entitled: **PLAINTIFFS' NOTICE OF RULING AND SUPPLEMENTAL STATEMENT REGARDING ARBITRATION** on ALL INTERESTED PARTIES in this action:

**SEE ATTACHED SERVICE LIST**

☐ **BY MAIL:** By placing a true copy thereof in a sealed envelope addressed as above, and placing it for collection and mailing following ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence, pleadings, and other matters for mailing with the United States Postal Service. The correspondence, pleadings and other matters are deposited with the United States Postal Service with postage thereon fully prepaid in San Diego, California, on the same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY OVERNIGHT COURIER:** I caused the above-referenced document(s) to be contained in an overnight envelope and to be deposited in a **Federal Express/Overnite Express** box located at 550 West C Street, San Diego, California, for delivery to the above address(es).

☐ **BY FAX:** I transmitted a copy of the foregoing document(s) this date via telecopier to the facsimile numbers shown on the attached service list. The facsimile machine I used reported no error and I caused the machine to print a transmission record of the transmission.

☒ **BY CM/ECF Electronic Service:** I caused such document to be served via the Court's (NEF) electronic filing system on all registered parties.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 6, 2011, at San Diego, California.

                         */s/ Matthew J. Zevin*
                         MATTHEW J. ZEVIN