UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DISTRICT

| | |
|---|---|
| CHERYL BARRER and WALTER BARRER, on Behalf of Themselves and Those Similarly Situated,<br><br>    Plaintiffs,<br><br>v.<br><br>CHASE BANK, USA, N.A. and DOES 1 THROUGH AND INCLUDING 100,<br><br>    Defendants. | Civil No. 06-415-HA<br><br>ORDER |

HAGGERTY, District Judge:

On January 23, 2007, Magistrate Judge Hubel issued a Findings and Recommendation in which he concluded that a motion to dismiss by defendant Chase Bank, U.S.A. (Chase) should be granted. Findings and Recommendation at 21. The Magistrate Judge noted that "if my recommendation that the action be dismissed is not adopted, I recommend that [Chase's] alternative motion to compel arbitration . . . be granted." *Id*.

1    - ORDER

On April 4, 2007, this court adopted the Magistrate Judge's conclusion that this matter should be dismissed. In accordance with the alternative nature of the Findings and Recommendation's reference to the motion to compel arbitration, this court found it unnecessary to discuss that motion.

The case was reassigned subsequently to this court. After appeal to the United States Court of Appeals for the Ninth Circuit, the matter was remanded to this court. *See Barrer v. Chase Bank USA, N.A.*, 566 F.3d 883 (9th Cir. 2009). The Ninth Circuit's remand permitted plaintiffs to file a Second Amended Complaint (SAC). Pursuant to an agreement among counsel, plaintiffs filed their SAC on March 10, 2010.

Chase moved to dismiss the SAC. On January 4, 2011, this court denied Chase's motion to dismiss the SAC. On May 19, 2011, this court denied Chase's motion seeking reconsideration, and instructed the parties to confer and address whether referring this case to arbitration is appropriate. This briefing has been scrutinized. This court concludes that Chase is contractually and judicially estopped from seeking to enforce its Arbitration Clause in this action.

## ANALYSIS

As reviewed above, in earlier litigation the parties addressed whether an Arbitration Clause in the parties' credit agreement should be enforced. This aspect of the litigation resulted in Magistrate Judge Hubel offering an alternative recommendation to be considered by this court in the event that this court declined to adopt his recommendation to dismiss the action. That contingent, alternative recommendation was never reviewed, considered, or adopted by this court. The alternative recommendation regarding the Arbitration Clause remained just that – an alternative recommendation. The alternative recommendation never attained any binding legal

effect on the parties. *See Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (citations omitted).

Magistrate Judge Hubel issued his Findings and Recommendation on January 23, 2007. More than three years later, defendant Chase entered into a binding Settlement Agreement (Settlement Agreement) in *Ross v. Bank of America*, No. 1:05-cv-07116 (WHP) (S.D.N.Y.) (*Ross*), a similar class action suit pending in the United States District Court for the Southern District of New York. That class action was filed on behalf of cardholders of Chase and several other credit card issuers, and asserted claims that alleged that the various financial institutions violated federal antitrust laws by conspiring to insert Arbitration Clauses and Class Action Waiver Clauses in their United States Cardholder Agreements.

Chase and several other defendants settled with the *Ross* plaintiffs and, on July 22, 2010, the Honorable William H. Pauley approved the class action settlement and entered a Final Judgment and Order of Dismissal in accordance with the Settlement Agreement. By entering into the Settlement Agreement, Chase expressly agreed that it would "not seek to enforce an Arbitration Clause or Class Action Waiver Clause against a member of the Settlement Class based on currently existing or pre-existing United States Cardholder Agreements," except in a few specified circumstances. Pl.'s Resp., Ex. 1 at ¶ 3(c). The parties do not dispute that plaintiffs are members of the "Settlement Class," or that plaintiffs had a pre-existing cardholder agreement with Chase, as defined in the Settlement Agreement.

Chase, however, asserts that the Findings and Recommendation issued by Magistrate Judge Hubel qualifies as one of the exceptions to the Settlement Agreement that enables it to enforce its Arbitration Clause.

The Settlement Agreement provides that:

> to the extent that Chase has, prior to [November 20, 2009], obtained any arbitration awards, judgments, or court rulings based in whole or in part on [an arbitration agreement or class action waiver] in a United States Cardholder Agreement in any matter, Chase is not precluded from seeking to enforce or uphold such awards, judgments or court rulings.

Pl.'s Resp., Ex. 1 at ¶ 3(c)(iii). For the reasons previously discussed, Magistrate Judge Hubel's Findings and Recommendation does not constitute a prior binding court ruling in this matter that Chase can enforce.

Moreover, in its briefing and during oral argument in the Ninth Circuit, Chase agreed that any challenge to Magistrate Judge Hubel's conclusions about Chase's alternative motion to compel arbitration was not ripe because this court never reached that aspect of the recommendation. *Barrer*, 566 F.3d at 886. Accordingly, Chase is now contractually and judicially estopped from seeking to enforce its Arbitration Clause in this action.

## **CONCLUSION**

For the reasons stated, defendant Chase is contractually and judicially estopped from seeking to enforce its Arbitration Clause in this action.

IT IS SO ORDERED.

Dated this 22nd day of July, 2011.

                                                /s/ Ancer L. Haggerty
                                                      Ancer L. Haggerty
                                             United States District Judge