**Pilar C. French**, OSB No. 962880
E-mail: FrenchP@LanePowell.com
LANE POWELL PC
601 S.W. Second Ave., Suite 2100
Portland, Oregon 97204
Telephone: 503.778.2170
Facsimile: 503.778.2200

**Noah A. Levine** (*Pro Hac Vice*)
E-mail: noah.levine@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
399 Park Avenue
New York, New York 10022
Telephone: 212.230.8875
Facsimile: 212.230.8888

Attorneys for Defendant
CHASE BANK USA, N.A.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| CHERYL BARRER and WALTER BARRER, on Behalf of Themselves and Those Similarly Situated,<br><br>            Plaintiffs,<br><br>    v.<br><br>CHASE BANK, USA, N.A. and DOES 1 through and including 100,<br><br>            Defendants. | CV No. 3:06-cv-00415-HA<br><br>Defendant Chase Bank USA, N.A.'s **ANSWER TO THE SECOND AMENDED COMPLAINT** |

Defendant Chase Bank USA, N.A. ("Chase") answers the Second Amended Complaint (the "Complaint") in this action as follows:

To the extent that the headings, preamble, or prayer for relief in the Complaint require a response, Chase denies the allegations contained therein. With respect to the numbered paragraphs in the Complaint:

1. Chase admits that the Complaint purports to bring a class action on behalf of certain Chase credit-card customers; Chase denies all remaining allegations.

2. To the extent that paragraph 2 purports to quote from or summarize the Ninth Circuit's decision in *Barrer v. Chase Bank USA, N.A.*, 566 F.3d 883 (9th Cir. 2009), the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, and Regulation Z, 12 C.F.R. § 226, Chase respectfully refers the Court to the language of those documents for complete and accurate recitations of their contents. To the extent that a response is required, Chase denies the allegations.

3. To the extent that paragraph 3 purports to summarize the contents of Chase's Card Member Agreement ("CMA"), Chase respectfully refers the Court to the language of that document for a complete and accurate recitation of its contents.[1] Chase denies all remaining allegations.

4. Denied.

5. Denied.

6. Denied.

7. The allegations in paragraph 7 are conclusions of law and no response is required.

8. The allegations in paragraph 8 are conclusions of law and no response is required.

---

[1] Chase attached plaintiffs' 2004 CMA, as well as subsequent amendments to that CMA, as exhibits to the Supplemental Declaration of Donna Barrett, filed in connection with Chase's motion to dismiss plaintiffs' First Amended Complaint. Dkt. No. 25.

9. The allegations in paragraph 9 are conclusions of law and no response is required.

10. The allegations in paragraph 10 are conclusions of law and no response is required.

11. Chase admits that Walter Barrer held a credit-card account with Chase.

12. Chase admits that Cheryl Barrer was designated as an authorized user on Walter Barrer's credit-card account with Chase.

13. Chase admits that it is a national bank chartered by the Office of the Comptroller of the Currency and located in Delaware. Chase admits that it provides financial services, including credit cards. Chase denies all remaining allegations.

14. Chase admits that it provides its credit-card customers with a written CMA, which sets forth the terms of the parties' rights and obligations. Chase denies all remaining allegations.

15. Chase admits that it drafts the CMA and that the CMA is provided to Chase credit-card customers. Chase denies all remaining allegations.

16. Chase denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 as those allegations relate to any financial institution other than Chase. To the extent the allegations in paragraph 16 concern Chase's terms of credit, Chase respectfully refers the Court to the language of its CMA for a complete and accurate recitation of the terms on which Chase provides credit to its customers.

17. To the extent that paragraph 17 purports to characterize the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, Chase respectfully refers the Court to the language of that statute for a complete and accurate recitation of its contents.

18. To the extent that paragraph 18 purports to summarize the requirements of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, or Regulation Z, 12 C.F.R. § 226, Chase

respectfully refers the Court to the language of that statute and that regulation for complete and accurate recitations of their contents.

19. Chase admits that its CMA contains a "Finance Charges" section. Chase admits that its CMAs have included "Preferred" and "Non Preferred" rates. Chase denies all remaining allegations.

20. Chase admits that it applies fixed and variable rates to its credit-card customers' accounts. Chase denies all remaining allegations.

21. Denied.

22. To the extent that paragraph 22 (and footnote 1) purport to summarize the contents of any of Chase's Card Member Agreements, Chase respectfully refers the Court to the language of those documents for complete and accurate recitations of their contents. Chase denies all remaining allegations.

23. Denied.

24. To the extent that paragraph 24 purports to summarize the contents of Chase's CMA, Chase respectfully refers the Court to the language of that document for a complete and accurate recitation of its contents. Chase denies all remaining allegations.

25. To the extent that paragraph 25 purports to quote from and summarize the Ninth Circuit's decision in *Barrer v. Chase Bank USA, N.A.*, 566 F.3d 883 (9th Cir. 2009), Chase respectfully refers the Court to the language of that decision for a complete and accurate recitation of its contents. Chase denies all remaining allegations.

26. To the extent that paragraph 26 purports to summarize the contents of Chase's CMA, Chase respectfully refers the Court to the language of that document for a complete and accurate recitation of its contents. Chase denies all remaining allegations.

27. Denied.

28. Chase admits that Walter Barrer held a credit-card account with Chase.

29. Chase admits that Walter Barrer's March 22, 2005 statement states that an interest rate of 8.99% was applied. Chase denies all remaining allegations.

30. Chase admits that Walter Barrer's April 20, 2005 statement states that an interest rate of 24.74% was applied. Chase denies all remaining allegations.

31. Chase admits that plaintiffs contacted Chase to inquire about the account APR.

32. To the extent that paragraph 32 purports to quote from or refers to the contents of Chase's May 10, 2005 response to an inquiry made by Walter Barrer, Chase respectfully refers the Court to the language of that document for a complete and accurate recitation of its contents. Chase denies all remaining allegations.

33. To the extent that paragraph 33 purports to refer to the contents of Chase's May 10, 2005 response to an inquiry made by Walter Barrer, Chase respectfully refers the Court to the language of that document for a complete and accurate recitation of its contents. Chase denies all remaining allegations.

34. Chase admits that it did not, in spring 2005, change the interest rate for purchases on Walter Barrer's account pursuant to the default rate provision in his cardmember agreement. Chase denies all remaining allegations.

35. Denied

36. Chase admits that Walter Barrer's May 19, 2005 statement states a balance due of $3.704.88. Chase further admits that Walter Barrer's July 20, 2005 statement states a balance due of $0. Chase denies all remaining allegations.

37. Denied.

38. Denied.

39. Chase admits that plaintiffs purport to bring this case on behalf of themselves and others. Chase admits that plaintiffs propose a class as described in paragraph 39. Chase denies that this case may be properly certified as a class action pursuant to Federal Rule of Civil Procedure 23, and denies all remaining allegations.

40. Denied.

41. Denied.

42. Chase denies sufficient knowledge or information to admit or deny the allegations in the first sentence of paragraph 42, and therefore denies all remaining allegations.

43. Denied.

44. Denied.

45. The allegation in paragraph 45 is a conclusion of law and no response is required.

46. Paragraph 46 was stricken from the Complaint by this Court's order of January 4, 2011; no response is therefore required.

47. The allegations in paragraph 47 are conclusions of law and no response is required; to the extent that a response is required, Chase denies the allegations.

48. Chase repeats and reasserts each and every response to the allegations asserted in the foregoing paragraphs with the same force and effect as if fully set forth here.

49. To the extent that paragraph 49 purports to characterize the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, Chase respectfully refers the Court to the language of that statute for a complete and accurate recitation of its contents.

50. To the extent that paragraph 50 purports to quote from or summarize the Ninth Circuit's decision in *Barrer v. Chase Bank USA, N.A.*, 566 F.3d 883 (9th Cir. 2009), the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, and Regulation Z, 12 C.F.R. § 226, Chase respectfully refers the Court to the language of each for complete and accurate recitations of their contents.

51. Denied.

52. Denied.

53. Chase repeats and reasserts each and every response to the allegations asserted in the foregoing paragraphs with the same force and effect as if fully set forth here.

54. Chase admits the written CMAs it enters into with card members are contracts. To the extent paragraph 54 purports to characterize the CMAs, Chase respectfully refers the Court to the CMAs. Chase denies all remaining allegations.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof that it would not otherwise bear, Chase asserts the following affirmative defenses. Chase reserves the right to assert further defenses that may arise or be identified in the course of further investigation, discovery, or litigation of this action, including, in the event any class is certified, the right to advance additional defenses pertinent to class members. For purposes of these affirmative defenses, references to "Chase" include any predecessors in interest.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs fail to state any claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's good faith and fair dealing claim is barred by Delaware Banking Code § 952(a).

## THIRD AFFIRMATIVE DEFENSE

Plaintiff Cheryl Barrer lacks standing to assert any of the alleged claims.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitation, laches, and/or other time bars.

## FIFTH AFFIRMATIVE DEFENSE

To the extent that plaintiffs seek to impose obligations on Chase not found in the contract, the good faith and fair dealing claim is preempted, in whole or in part, by federal law.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims under 15 U.S.C. § 1637(a) and 12 C.F.R. § 226.6(a) are barred by the doctrine of the law of the case.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by plaintiffs' agreement to the terms and provisions of their agreements with Chase.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the voluntary-payment doctrine and/or other legal ground in that the obligations about which plaintiffs complain were paid voluntarily.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by their failure to opt out of any changes in terms, and/or their failure to mitigate their damages, if any.

## TENTH AFFIRMATIVE DEFENSE

For the foregoing reasons and others, plaintiffs' claims are barred by consent, estoppel, ratification, acquiescence, waiver and/or by virtue the parties' course of dealing.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are subject to arbitration because plaintiffs have contractually agreed to arbitrate claims against Chase.

### TWELFTH AFFIRMATIVE DEFENSE

Even if not applicable to some or all plaintiffs, some or all of the affirmative defenses asserted above may be applicable to one or more of the putative class members whom plaintiffs may seek to represent.  In the event that any attempt is made to certify a class in this action, Chase reserves the right to identify and advance any further affirmative defenses that may apply to persons other than the named plaintiffs herein.

Dated: August 9, 2011  WILMER CUTLER PICKERING HALE AND DORR LLP


By:   /s/ Noah A. Levine
       Noah A. Levine (admitted *pro hac vice*)
       399 Park Avenue
       New York, New York 10022
       noah.levine@wilmerhale.com

       and

       LANE POWELL PC
       Pilar C. French, OSB No. 962880


       Attorneys for Chase Bank USA, N.A.