JUSTINE FISCHER
OSB: 81224
e-mail: JFAttyOR@aol.com
**Attorney at Law**
720 SW Washington Street, Suite 750
Portland, OR 97205
Telephone: (503) 222-4326
Facsimile: (503) 222-6567

Liaison Counsel for Plaintiffs Cheryl Barrer
and Walter Barrer

NOAH A. LEVINE (*Pro Hac Vice*)
e-mail: noah.levine@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
Telephone: (212) 230-8875
Facsimile: (212) 230-8888

Attorneys for Defendant Chase Bank USA, N.A.
[Additional Counsel on Signature Page]

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| CHERYL BARRER and WALTER BARRER, on Behalf of Themselves and Those Similarly Situated, <br><br>               Plaintiffs, <br><br>v. <br><br>CHASE BANK USA, N.A. and DOES 1 through and including 100, <br><br>               Defendants. | CASE NO. 06-CV-415-HA <br><br> **CLASS ACTION** <br><br> **SUPPLEMENTAL REPORT OF THE PARTIES' RULE 26(f) PLANNING MEETING** |

Supplemental Report of the Parties' Rule 26(f)
Planning Meeting

The parties submitted a Report of their Rule 26(f) planning meeting on April 8, 2011. By order entered May 19, 2011, the Court directed the parties to submit briefing on the issue of arbitration. The parties did so, and on July 25, 2011, this Court entered an order holding that Chase is contractually and judicially estopped from seeking to enforce its arbitration clause in this action.

In light of these case developments, the parties have conferred and agreed that the proposed case management schedule submitted with the parties' April 8, 2011 Rule 26(f) report requires modification. Accordingly, the parties now submit this Supplemental Report of the Parties' Rule 26(f) Planning Meeting.

1. The following persons participated in a Rule 26(f) conference on February 10, 2011 by telephone and stipulate to the filing of this report:

Michael Braun of Braun Law Group PC, and Matthew Zevin of Stanley • Iola, LLP, representing Plaintiffs Cheryl Barrer and Walter Barrer.

Noah Levine and Alan Schoenfeld, of Wilmer Cutler Pickering Hale and Dorr LLP, representing Defendant Chase Bank USA, N.A.

Matthew Zevin, Noah Levine, and Alan Schoenfeld conferred again, pursuant to Rule 26(f), on August 4, 2011, to discuss modifications to the initial Rule 26(f) Report.

2. Initial Disclosures. The parties previously stipulated, in conformity with local practice, to waive the exchange of initial disclosures. *See* Dkt. No. 4.

3. Discovery Plan

   (a) <u>Anticipated Discovery</u>

<u>Plaintiffs</u>. Plaintiffs will need discovery on these subjects: Chase's Cardmember Agreements and changes in terms; Plaintiffs' history and relationship with Chase; the origin, purpose, implementation, operation and effects of adverse action re-pricing or risk-based re-

Supplemental Report of the Parties' Rule 26(f)
Planning Meeting

pricing by Chase; factual matters relating to class certification; damages suffered by Plaintiffs and the proposed Class.

Defendant.  Defendants will need discovery on these subjects:  Plaintiffs' relationship and course of dealing with defendant Chase; Plaintiffs' relationship and course of dealing with other creditors; Plaintiffs' receipt of credit offers from other creditors during relevant time periods; Plaintiffs' understanding of the CMA; Plaintiffs' alleged damages or injuries, and bases therefore.

(b) Protective Order

Upon Chase's unopposed motion, the Court entered the parties' proposed protective order as an order of the Court on May 19, 2011.

(c) ESI

The parties have agreed to a discovery protocol for electronically stored information ("ESI").

(d) Phasing of Discovery

The parties have commenced discovery.  Plaintiffs have served a request for production of documents, and Chase has already made two productions of responsive documents.  Chase has committed to producing the remaining responsive documents on a rolling basis and anticipates completing the majority of its production by the end of October.  Chase has also served interrogatories and a request for documents on plaintiffs.

Plaintiffs.  Plaintiffs oppose bifurcating discovery into class and merits phases. It is widely held that discovery of class issues and the merits of a named plaintiff's individual claims are inextricably interwoven. *See, e.g., Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 41 (N.D. Ca. 1990) ("Discovery relating to class certification is closely enmeshed with merits discovery."). This is especially true in this case given that discovery in numerous areas (e.g., the origin, purpose, implementation, operation and effects of adverse action re-pricing, etc.) will be

the same for Plaintiff and the class, and separating the two would be unduly burdensome, and a needlessly inefficient, if not impossible, task. As the Court noted in *Gray*, restricting discovery in such a fashion is "impracticable because of the closely linked issues, and inefficient because it would be certain to require ongoing supervision of discovery." *Id.* The *Gray* court's caution against artificially bifurcating class and merits discovery is clearly applicable here, making bifurcation of discovery impracticable.

Plaintiffs do not see a need for serving expert "reports" or conducing expert discovery before Plaintiffs file a motion for class certification. First, Plaintiffs have not yet determined whether or not they will even require the use of one or more experts in connection with their imminent motion for class certification. Second, expert reports under Federal Rule 26(a)(2)(B) are required only for experts who are expected to present evidence "at trial." A class certification motion is not a trial. *Westways World Travel, Inc. v. AMR Corp.*, 218 F.R.D. 223, 231 (C.D. Cal. 2003) (At the class certification stage, Plaintiffs' allegations are to be accepted as true and the merits of Plaintiffs' claims are not at issue). Accordingly, Plaintiffs believe that the appropriate procedure is to follow the usual and customary motion practice of submitting expert declarations, if any, along with the moving or opposing memorandums. Plaintiffs have proposed a briefing schedule that allows sufficient time to conduct one or more expert depositions, if necessary, in conjunction with the class certification motion. Plaintiffs' counsel have effectively used this procedure in numerous other cases without any undue burden or difficulty on the parties or court and see no reason to depart from that structure here.

<u>Defendant</u>. Chase's position is that discovery should be phased in the following manner.

*First*, discovery should proceed initially only on the merits of Plaintiffs' individual claims and on matters pertinent to class certification. Any discovery into the merits of the claims of putative class members should occur only if a class is ultimately certified and, in that event,

Supplemental Report of the Parties' Rule 26(f)
Planning Meeting

should be limited in accordance with the scope of any class certification order. Such bifurcation is commonplace. *See, e.g., Manuel for Complex Litigation* § 21.4 (4th ed. 2004) ("Courts often bifurcate discovery between certification issues and those related to the merits of the allegations"); *Krzesniak v. Cendant Corp.*, No. C 05-5156, 2007 WL 756905, *1 (N.D. Cal. Mar. 8, 2007) ("Prior to certification, courts typically limit discovery to certification issues such as the number of class members, existence of common questions, typicality of claims, and the representative's ability to represent the class."); *see also Armstrong v. Davis*, 275 F.3d 849, 871 n.28 (9th Cir. 2001) ("The district court. . . may limit such discovery to class certification issues"). Until a class has been certified, the claims of putative class members are not properly before the court. Moreover, discovery into such claims would impose substantial and unnecessary burdens on Defendant, and create needless delay, as has been commonly recognized. *See, e.g., Manuel for Complex Litigation, supra*, at § 21.4 ("discovery into aspects of the merits unrelated to certification delays the certification decision and can create extraordinary and unnecessary expense and burden").

*Second*, any discovery schedule should contain a separate period for disclosure of expert witnesses on class certification issues (i.e., exchange of expert reports for experts on class certification matters), and discovery related to those disclosures (e.g., depositions). Defendant's understanding is that Plaintiffs' counsel prefers for any disclosure of expert testimony to occur by means of declarations filed together with the class certification motion or briefs, with depositions to be conducted after such disclosures, simultaneous to the briefing of the class certification motion. Defendant respectfully submits that this process would be highly inefficient and uncertain even to work. Under the proposal, no expert would even be disclosed until a class certification motion is filed. Only then would document and deposition discovery of any such expert witness(es) commence. And this discovery would have to take place simultaneous to

Supplemental Report of the Parties' Rule 26(f)
Planning Meeting

Defendant's counsel's preparation of Defendant's response to the class certification motion and the preparation of Defendant's expert disclosure (i.e., the written report required by Rule 26(a)(2)(B)) of Defendant's own expert(s)). Plaintiffs' counsel would then face the same inefficiencies and burdens thereafter. Any class certification briefing schedule would need to be unusually long to accommodate these expected inefficiencies and burdens, leading to a likelihood that issues would need to be revisited by supplemental briefs as law and facts develop in the interim. For the foregoing reasons, Defendant's counsel proposes a schedule that would accommodate a separate period for expert discovery related to the class certification motion.

(e) <u>Interrogatories, Requests for Admission</u>

The parties do not propose to deviate from the limits set forth in the Federal Rules of Civil Procedure at this time, but reserve their rights to seek such amendments at a later date if the need arises and for good cause.

(f) <u>Deposition</u>

<u>Both sides</u>. The parties agree that each deposition will be limited to seven hours in duration, per Fed. R. Civ. P. 30(d)(1).

<u>Plaintiff</u>. Plaintiffs propose the 10 depositions provided by Fed. R. Civ. P 30(a)(2)(A)(i) plus depositions of any designated experts. Plaintiffs would reserve their rights to seek relief from the Court, upon a showing of good cause, from this proposed limitation.

<u>Defendant</u>. Defendant proposes that the parties abide by the limit set forth in Federal Rule of Civil Procedure 30(a)(2)(A)(i)—i.e., that absent leave of court, the parties be limited to 10 total depositions under Rules 30 and 31.

4. Case Management Schedule

| Plaintiffs designate any experts on class certification issues and serve | Plaintiffs believe that expert declarations should | November 4, 2011 |
|---|---|---|

| | | |
|---|---|---|
| expert disclosure(s) | be served with the parties' respective memorandum of points and authorities. | |
| Defendants designate any experts on class certification issues and serve expert disclosure(s) | Plaintiffs believe that expert declarations should be served with the parties' respective memorandum of points and authorities. | December 19, 2011 |
| Deadline for completion of discovery | Plaintiffs do not believe that it would be practical or efficient to bifurcate discovery and contend that it is currently premature to set a deadline for the completion of discovery. This deadline should be determined after the Court rules on Plaintiffs' motion for class certification, | January 27, 2012 |
| Deadline for motion for class certification | January 27, 2012 | January 27, 2012 |
| Defendants' opposition to motion for class certification | March 9, 2012 | March 9, 2012 |
| Plaintiffs' reply in support of motion for class certification | April 6, 2012 | April 6, 2012 |
| Hearing on motion for class certification | To be set by Court | To be set by Court |
| Parties to hold conference to discuss case management schedule for remainder of case, taking into account Court's ruling on class certification. | 30 days after Court's ruling on class certification. | 30 days after Court's ruling on class certification. |

5. Other Items:

(a) The parties request a conference before the Court to discuss the case management issues presented herein.

(b) The parties have conferred regarding the prospects for settlement.

(c) The parties believe that it is premature to schedule additional dates or deadlines until after such time that the Court rules on Plaintiffs' motion for class certification.

The parties, therefore, propose that designation of the final dates for submitting Rule 26(a)(3)

Supplemental Report of the Parties' Rule 26(f)
Planning Meeting

witness lists, designations of witnesses whose testimony will be presented by deposition, and exhibit lists; the final dates to file objections under Rule 26(a)(3); and any trial are deferred pending resolution of any motion for class certification, after which the parties will confer regarding remaining case management issues.

DATED: August 24, 2011					STANLEY • IOLA, LLP
							MATTHEW J. ZEVIN (*admitted pro hac vice*)


							 /s/ Matthew J. Zevin
							MATTHEW J. ZEVIN

							e-mail: mzevin@aol.com
							525 B Street, Suite 760
							San Diego, CA  92101
							Telephone:	(619) 235-5306
							Facsimile:	(825) 377-8419

							JUSTINE FISCHER
							Attorney at Law
							JUSTINE FISCHER
							OSB: 81224
							e-mail: JFAttyOR@aol.com
							Attorney at Law
							720 SW Washington Street, Suite 750
							Portland, OR  97205
							Telephone:	(503) 222-4326
							Facsimile:	(503) 222-6567

							BRAUN LAW GROUP PC
							MICHAEL D. BRAUN
							e-mail: mdb@braunlawgroup.com
							10680 West Pico Boulevard, Suite 280
							Los Angeles, CA  90064
							Telephone:	(310) 836-6000
							Facsimile:	(310) 836-6010

							Attorneys for Plaintiffs Cheryl Barrer
							and Walter Barrer

DATED: August 24, 2011					WILMER CUTLER PICKERING
							   HALE AND DORR LLP
							NOAH A. LEVINE (*admitted pro hac vice*)

Supplemental Report of the Parties' Rule 26(f)
Planning Meeting

    /s/ Noah A. Levine
NOAH A. LEVINE

e-mail: noah.levine@wilmerhale.com
399 Park Avenue
New York, NY 10022
Telephone: (212) 230-8875
Facsimile: (212) 230-8888

PILAR C. FRENCH, OSB NO. 962880
e-mail: FrenchP@LanePowell.com
LANE POWELL PC
601 S.W. Second Avenue, Suite 2100
Portland, OR 97204
Telephone: (503) 778-2170
Facsimile: (503) 778-2200

Attorneys for Defendant Chase Bank USA, N.A.