UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

CHERYL BARRER and WALTER BARRER,
on Behalf of Themselves and Those Similarly
Situated,

        Plaintiffs,

  v.

CHASE BANK, USA, N.A. and DOES 1
through and including 100

        Defendants.

Case No. 3:06-cv-00415-HA

ORDER

HAGGERTY, District Judge:

Before the court is defendant's Motion for Leave to File Sur-Reply in Opposition to Plaintiffs' Motion for Class Certification [170]. Defendant argues that plaintiffs raised new arguments and provided new evidence in their Reply to Defendant's Opposition to Class Certification [156] that was outside the scope of plaintiffs' original Motion for Class Certification [127]. For the following reasons, defendant's motion is denied.

ORDER - 1

## BACKGROUND

Plaintiffs Cheryl and Walter Barrer filed suit on behalf of themselves and those similarly situated, alleging that defendant Chase Bank's Adverse Action Repricing (AAR) policy violated the Truth in Lending Act (TILA) and the implied covenant of good faith and fair dealing under Delaware law. Plaintiffs allege that defendant used the AAR scheme to retroactively change cardholders annual percentage rate of interest (APR) against the terms of cardholders' cardmember agreements (CMA's), in volation of TILA Section 1637(a). Plaintiffs also allege that defendant violated TILA Section 1632(a) by failing to clearly and conspicuously disclose the APRs it could charge its cardholders. Finally, plaintiffs allege that defendant violated the implied covenant of good faith because it was arbitrary, oppressive, and against the expectations of the cardholders. Plaintiffs filed a Motion for Class Certification on May 9, 2012 to create two classes: the TILA (Truth in Lending Act) class and the "implied covenant" class, which include cardholders allegedly affected by defendant's AAR policy.

In its response to plaintiff's Motion for Class Certification, defendant argued that the court should deny plaintiffs' motion because plaintiffs' claim requires primarily individualized inquiries and because plaintiffs' claim is atypical of the rest of the class. Defendant specifically argued that defendant gave its customers the ability to "opt out" of the APR increase at issue, and that the opt-out defense requires an individualized inquiry into whether each cardholder understood the opt-out notice. Defendant also provided an expert declaration used to rebut the expert testimony offered by plaintiff.

In their reply, plaintiffs made counter-arguments regarding defendant's opt-out defense and provided supplemental expert testimony. Defendant now moves for leave to file a sur-reply,

ORDER - 2

arguing that plaintiff raised new arguments by addressing the opt-out defense, providing supplemental expert testimony, and by arguing that, with regard to their claim for actual damages, the TILA class should be certified "at least" for purposes of liability. Plaintiffs argue that their Reply merely addressed the counter-arguments raised in defendant's Response in Opposition to Class Certification.

## DISCUSSION

Where new evidence is presented in a reply, the district court should not consider the new evidence without giving the [non-]movant an opportunity to respond. *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996). However, the court need not allow a party the opportunity for further response when arguments are not "new." *Snelling v. Riveland*, No. 97-35980, 1998 U.S. App. LEXIS 31568, *3 (9th Cir. 1998). Additionally, a court will not strike purportedly "new" evidence when a party offers the evidence in response to the opposing party's arguments. *See Acumed, LLC v. Stryker Corp.*, 04-CV-513-BR, 2007 U.S. Dist. LEXIS 86866, *5 (D. Or. 2007); *Bernsten v. Dollar Tree Stores, Inc.*, 05-CV-1964-MO, 2007 U.S. Dist. LEXIS 16702, *6 (D. Or. 2007). In order to prevent endless sur-replies, the court must limit opportunities to respond to situations where a party has been unfairly or improperly prejudiced by the submission of new evidence with a reply. *In re Aircraft Investor Res., LLC*, 09-38458-RLD11, 2011 Bankr. LEXIS 2257, *4 (D. Or. 2011).

Plaintiff's counter-arguments to defendant's opt-out defense are not "new." Defendant raised the opt-out defense in its response, to which plaintiffs responded by discussing the issue in their reply. Thus, plaintiffs did not raise the opt-out defense for the first time in their brief, but merely responded to defendant's assertion of an affirmative defense. Plaintiffs were not required

ORDER - 3

to discuss defendant's argument preemptively in their original motion for certification, because plaintiffs could not have known at that time which arguments defendant planned to raise.

Similarly, plaintiffs' argument that the TILA class should be certified "at least" for purposes of liability was not new. Plaintiffs' argument was offered as a response to defendant's contention that plaintiffs' reliance claims would require individualized inquiries. Plaintiffs were not required to make the argument in their opening brief, because they could not have known what, if any, arguments defendant would make in response to their reliance claims or how to respond to those arguments.

Defendant also argues that plaintiffs' supplemental expert testimony was new evidence. Dr. Hill's supplemental report, however, addresses the criticisms raised by defendant's expert, Professor Stango. Supplemental Hill Decl. at ¶ 2. Defendant will have the opportunity to address Dr. Hill's supplemental report at oral argument.

For these reasons, IT IS HEREBY ORDERED THAT defendant's Motion for Leave to File Sur-Reply is DENIED.

DATED this 28 day of November, 2012.

Ancer L. Haggerty
United States District Judge

ORDER - 4